IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NORMAN CRITTENDON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-07-275 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## OPINION AND ORDER OF TRANSFER

This is a habeas action filed by a state prisoner pursuant to 28 U.S.C. § 2254. He is being held at the Texas Department of Criminal Justice, Criminal Institutions Division's Connally Unit, which is located in Kenedy, Texas.

Petitioner is challenging three disciplinary cases that occurred while he was incarcerated at the Coffield Unit in Anderson County, Texas. (D.E. 1 at 2, 5); (D.E. 2, at 1-5). Specifically, he challenges disciplinary case numbers 10070057950, 20070085662, and 20070142343. (D.E. 1, at 5); (D.E. 2, at 1-5). He asserts that he lost 240 days of good time credit and was demoted in his custody classification to line class 3. (D.E. 1, at 5). He alleges that prison officials violated his right to due process during each of the disciplinary actions. Id. at 7-8.

A habeas action may be filed either in the district where petitioner is in custody, or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 960-61 (5th Cir. 2000). Within the context of § 2241(d), courts have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the State conviction and sentence occurred, while challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the

district court for the district where such person is in custody. Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991). The Fifth Circuit explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses.... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was incarcerated at the Connally Unit in Karnes County, Texas when he filed this petition. (D.E. 1, at 9). Karnes County is located in the San Antonio Division of the Western District of Texas. See 28 U.S.C. § 124(d)(4). A district court for the district wherein an application for habeas corpus has been filed may, in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district for disposition. See 28 U.S.C. § 2241(d).

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Western District of Texas, San Antonio Division.

ORDERED this _25th_ day of June 2007.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE